[937 NYS2d 861]

In the Matter of GERARD E. BROGDON (Admitted as GERARD EL-LIOTT BROGDON), an Attorney, Respondent. GRIEVANCE COM-MITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, January 31, 2012

## APPEARANCES OF COUNSEL

*Robert A. Green*, White Plains (*Daniel M. Mitola* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

By decision and order on application dated June 24, 2011, the Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) was authorized to institute and prosecute a disciplinary proceeding against the respondent, pursuant to 22 NYCRR 691.4 (e) (5), based on charges set forth in a verified petition dated March 29, 2011. The petition contains 14 charges of professional misconduct alleging, inter alia, that the respondent is guilty of neglecting two legal matters entrusted to him; engaging in conduct prejudicial to the administration of justice by failing to properly, timely, or completely cooperate with the lawful demands of the Grievance Committee in its investigation of three complaints of professional misconduct against him; entering into retainer agreements containing a nonrefundable fee provision; charging for and collecting nonrefundable fees; entering into agreements for, charging, or collecting illegal or excessive fees; failing to provide a client with a proper accounting; failing to carry out a contract of employment entered into with a client for professional services; and engaging in conduct adversely reflecting on his fitness as a lawyer by reason of the foregoing.

On July 12, 2011, the respondent was personally served with a copy of the decision and order dated June 24, 2011, the notice of petition, and the petition dated March 29, 2011. More than 20 days have since elapsed without an answer to the petition, as directed, or a request for an adjournment.

The Grievance Committee now moves to deem the charges against the respondent established, and to impose such discipline upon him as the Court deems appropriate, based upon his default. The respondent has neither opposed the Grievance Committee's motion nor interposed any response.

Accordingly, the Grievance Committee's motion is granted, the charges in the verified petition are deemed established, and, effective immediately, the respondent is disbarred on default and his name is stricken from the roll of attorneys and counselors-at-law.

MASTRO, A.P.J., RIVERA, SKELOS, DILLON and ANGIOLILLO, JJ., concur.

Ordered that the Grievance Committee's motion is granted; and it is further,

Ordered that, pursuant to Judiciary Law § 90, effective immediately, the respondent, Gerard E. Brogdon, admitted under

the name Gerard Elliott Brogdon, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Gerard E. Brogdon, admitted under the name Gerard Elliott Brogdon, shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that, pursuant to Judiciary Law § 90, the respondent, Gerard E. Brogdon, admitted under the name Gerard Elliott Brogdon, is commanded to desist and refrain from (1) practicing law in any form, either as principal, agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Gerard E. Brogdon, admitted under the name Gerard Elliott Brogdon, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).